UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BUAL CEU,

    Plaintiff,

v.                                    Case No. 3:25-cv-1173-MMH-LLL

PAM BONDI, United States
Attorney General, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On October 1, 2025, Plaintiff initiated this action by filing a three-count Complaint. See Complaint for Declaratory and Injunctive Relief and for Hearing on Naturalization Application (Doc. 1; Complaint). Upon review of the Complaint, the Court finds it is due to be stricken as an impermissible shotgun pleading. In the analysis that follows, the Court will discuss the problem with the Complaint and will provide Plaintiff with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

A complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants,

---

[1] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here is the "most common type" of shotgun complaint, one in which the plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d 1313, 1321, 1321 n.11 (collecting cases). As a result, "most of the counts … contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies

- 3 -

in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in each successive claim for relief in the Complaint, Plaintiff re-alleges every preceding paragraph. See Complaint ¶¶ 48, 52. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325; see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020).[2]

Because Plaintiff's Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Plaintiff to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

2. On or before **November 5, 2025**, Plaintiff shall file a corrected complaint that complies with the Federal Rules of Civil Procedure and the directives of this Order.[3]

**DONE AND ORDERED** in Jacksonville, Florida, on October 15, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

---

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course under Rule 15(a)(1).

- 5 -